UNITED STATES DISTRICT COURT FILED
DISTRICT OF RHODE ISLAND

Roger Mandarelli

VS.

JP Morgan Chase Bank, NA



2012 SEP 18 A 10 19

C.A. NO. DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 12- 652

## COMPLAINT FOR DECLATORY JUDGMENT AND INJUNCTIVE RELIEF

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Honorable Court.**

### Parties

1. Plaintiff(s) Roger Mandarelli and Joyce Mandarelli (hereinafter referred to as "Mandarelli") is a resident of the State of Rhode Island. The subject property is located at 3 Hemlock Court, Johnston, RI.

2. JP Morgan Chase Bank, NA ("Chase") has a mailing address of 780 Kansas Lane, Suite A, Monroe, LA 71203. Chase is the alleged foreclosing entity.

### Jurisdiction

3. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are foreign corporations based outside of the State of Rhode Island.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of this action is situated within the State of Rhode Island.

5. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

    a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

1

b. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

d. Plaintiff claims that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

e. Plaintiff as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

6. On August 28, 2007, Mandarelli executed a mortgage (the "Mortgage") which named Washington Mutual as the Lender and Mortgagee.

7. Washington Mutual never assigned the mortgage to Chase.

8. Washington Mutual never negotiated the promissory note to Chase.

9. Washington Mutual never specially endorsed the promissory note to Chase.

10. Washington Mutual never endorsed the promissory note in blank.

11. Washington Mutual never transferred possession of the promissory note to Chase.

12. The Office of Thrift Supervision shut down Washington Mutual on September 25, 2008.

13. The FDIC became receiver of Washington Mutual on September 25, 2008.

14. There is no recorded assignment transferring the mortgage from the Washington Mutual to FDIC.

15. Washington Mutual never assigned the mortgage to Chase.

16. Washington Mutual never negotiated the promissory note to Chase.

2

17. Washington Mutual never specially endorsed the promissory note to Chase.

18. Washington Mutual never endorsed the promissory note in blank.

19. Washington Mutual never transferred possession of the promissory note to Chase.

20. FDIC never negotiated the promissory note to Chase.

21. FDIC never specially endorsed the promissory note to Chase.

22. FDIC never endorsed the promissory note in blank.

23. FDIC never transferred possession of the promissory note to Chase.

24. Chase is attempting to foreclose on a mortgage that was never assigned to it.

25. Defendants actions violate RIGL 34-13-11.

26. Chase has no standing to foreclose.

27. The subject note is unsecured.

28. The Mortgage, at page 1, defines the Lender as Washington Mutual.

29. The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by Mandarelli.

30. At Paragraph 22 of the Mortgage, entitled "Acceleration; Remedies", it states that **"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22,**

**including but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law, Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expense of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."** (emphasis added)

31. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

32. The Lender never invoked the statutory power of sale in this matter.

33. The Lender never mailed a notice of sale to the Borrower.

34. The Lender never published the notice of sale.

35. Chase, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

36. Chase, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

37. The actions taken by Chase are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

38. The foreclosure sale was not noticed or scheduled or advertised as required by the Note and Mortgage.

39. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

40. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

41. Chase has no standing to foreclose.

42. The Lender in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results

4

thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

43. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

44. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

45. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

46. The note is current or has been satisfied by a third party.

47. Washington Mutual never transferred possession of or negotiated the promissory note to any other entity.

48. Chase does not possess the promissory note.

49. The promissory note was never specially endorsed to Chase.

50. Chase does not have the right to enforce the promissory note.

51. The note is no longer recognized as an asset or account receivable of Chase.

52. Chase does not hold the note.

53. The mortgage is unsecured.

54. The mortgage is void due to fraud.

55. The mortgage is void pursuant to R.I.G.L. 34-11-1.

56. The mortgage is unsecured pursuant to R.I.G.L. 34-4-11.

57. The note is void due to fraud.

58. Washington Mutual was not the true Lender in the underlying mortgage transaction.

59. The funds to fund the transaction came from a third party, not Washington Mutual.

60. The non-existence of a default on the promissory note is not a prerequisite to remedies under the Quieting Title statute.

61. Plaintiffs have standing to challenge title and all assignments of the subject mortgage.

62. Plaintiffs have standing to clear title pursuant to R.I.G.L. 34-16-4.

63. Plaintiffs have standing to challenge all assignments and foreclosure deeds pursuant to R.I.G.L. 34-16-4.

## COUNT I
### Declaratory Judgment

64. The Plaintiff herein reincorporates paragraphs 1-63 as if they are fully articulated herein.

65. By virtue of these facts and the legal consequence thereof, the foreclosure failed to vest title in Chase or the successful bidder at the foreclosure sale.

66. Mandarelli owns the subject property.

**WHEREFORE**, Plaintiffs pray this Court to issue an order, pursuant to the Uniform Declaratory Judgment Act, as follows:

a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
b. That the Court finds that Plaintiff owns the property as a matter of law.
c. That the foreclosure sale be voided.
d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
e. That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate.
f. Declare the conveyance void pursuant to R.I.G.L. §34-11-1.
g. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.
h. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.
i. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiffs
By their Attorneys,

/s/ Corey J. Allard
George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

## COUNT II
### Quieting Title
### Rhode Island General Law §34-16-4

67. The Plaintiff herein reincorporates paragraphs 1-66 as if they are articulated herein.

68. The real estate at issue is a residential property located at 3 Hemlock Court, Johnston, RI.

69. Chase or its successors claim to have the right to foreclose on the property. The address of Chase is set forth hereinabove.

70. Plaintiff purchased the property on January 19, 1979.

71. Chase or the successful bidder at the foreclosure sale took a foreclosure deed.

**WHEREFORE**, Plaintiffs pray for the following relief:
    a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.
    b. That the Court finds that Plaintiff owns the property as a matter of law.
    c. That the Court order any foreclosure sale voided.
    d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.
    e. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Plaintiffs
By their Attorneys,

*(signature)*
George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

Dated:

**The Plaintiff Demands a Trial by Jury.**