**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROSARIO FEMMINELLA, et al,<br>  Plaintiffs<br>v.<br><br>WASHINGTON MUTUAL BANK, FA, et al,<br>  Defendants | C.A. No. 11-366 |
| KIMBERLY A. MEROLLA-BRITO, et al,<br>  Plaintiffs<br>v.<br><br>WASHINGTON MUTUAL BANK, FA, et al,<br>  Defendants | C.A. No. 11-519 |
| JUDITH A. LEE,<br>  Plaintiff<br>v.<br><br>WASHINGTON MUTUAL BANK, FA, et al,<br>  Defendants | C.A. No. 12-029 |
| HENRY A. BELLO, II, et al,<br>  Plaintiffs<br>v.<br><br>WASHINGTON MUTUAL BANK, FA, et al,<br>  Defendants | C.A. No. 12-145 |
| PATRICIA A. CLAY,<br>  Plaintiff<br>v.<br><br>WASHINGTON MUTUAL BANK, FA, et al,<br>  Defendants | C.A. No. 12-187 |
| ANA M. PEREZ, et al,<br>  Plaintiffs<br>v.<br><br>JPMORGAN CHASE BANK, N.A. et al,<br>  Defendants | C.A. No. 12-511 |

| | |
|---|---|
| EDGAR URIZAR,<br>  Plaintiff<br><br>v.<br><br>JP MORGAN BANK, N.A., et al,<br>  Defendants | C.A. No. 12-759 |
| LISA J. REGNAULT,<br>  Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al,<br>  Defendants | C.A. No. 13-001 |
| SHEILA ANN MORRIS-SARDINHA,<br>  Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>  Defendant | C.A. No. 13-101 |
| SETH K. ARMAH YEBOAH,<br>  Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>  Defendant | C.A. No. 13-196 |
| ROGER MANDARELLI,<br>  Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>  Defendant | C.A. No. 12-652 |

**MEMORANDUM IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS**

Defendant JPMorgan Chase Bank, N.A. ("JPMC"), on behalf of itself and as purchaser of certain assets of Washington Mutual Bank, FA ("WaMu"), submits the following

2

memorandum of law in support of its consolidated motion to dismiss the complaints, in their entireties, with regard to all of the cases captioned above (the "Consolidated Cases") pursuant to the Court's Order dated December 11, 2013. The Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1811, *et seq.* ("FIRREA") preempts and/or otherwise bars plaintiffs' claims, thereby requiring this Court to dismiss plaintiffs' claims, with prejudice, and is wholly dispositive of all plaintiffs' claims. JPMC, on behalf of itself and all other defendants named in the Consolidated Cases, reserves all other defenses and the parties do not waive their rights to file motions to dismiss in each individual case related to various other deficiencies in the complaints should the Court not dispose of these cases through this motion.

## I. PRELIMINARY STATEMENT

The Consolidated Cases rise and fall on plaintiffs' faulty premise that WaMu's mortgage loan interests were not appropriately transferred to JPMC because there is no recorded assignment of mortgage from WaMu to JPMC. Plaintiffs further err by contending that, because of the lack of a mortgage assignment to JPMC, JPMC had no interest to enforce or otherwise assign. Federal law as stated in FIRREA and explained in *Demelo v. U.S. Bank Nat'l Ass'n*, 727 F.3d 117 (1st Cir. 2013), unambiguously repudiate plaintiffs' claims. Pursuant to FIRREA, the transfer of WaMu's mortgage loan interests to JPMC through the Federal Deposit Insurance Company ("FDIC"), as receiver, obviates any need for a written and/or recorded assignment of mortgage otherwise required under state law. Accordingly, because plaintiffs' essential premise fails on its face, the Consolidated Cases must be dismissed with prejudice.

## II. COMMON FACTS AND ALLEGATIONS

The Consolidated Cases are replete with conclusory legal assertions and unsupported allegations in general, but particularly regarding the transfer of interests in loans and

mortgages from WaMu through the FDIC to JPMC.[1] In addition to these allegations, the Consolidated Cases acknowledge that each borrower granted a mortgage to WaMu as lender and mortgagee. Additionally, plaintiffs uniformly recognize that on September 25, 2008, the Office of Thrift Supervision ("OTS") seized WaMu and placed it into receivership with the FDIC as receiver. The FDIC sold certain assets of WaMu to JPMC that same day pursuant to a written Purchase and Assumption Agreement (the "P&A Agreement").[2] Section 3.1 of the P&A Agreement provides in pertinent part:

> Subject to Sections 3.5, 3.6, and 4.8, the Assuming Bank [JPMC] hereby purchases from the Receiver [the FDIC], and the Receiver hereby sells, assigns, transfers, conveys, and delivers to the Assuming Bank all of the assets (real, personal and mixed, wherever located and however acquired) including all subsidiaries, joint ventures, partnerships, and any and all other business combinations or arrangements, whether active, inactive, dissolved or terminated, of the Failed Bank [WaMu] whether or not reflected on the books of the Failed Bank as of Bank Closing [September 25, 2008].[3]

At points thereafter, plaintiffs defaulted on their obligations under each of their mortgages leading to the initiation of foreclosures pursuant to the statutory powers of sale found in each mortgage. In attempts to stave off foreclosures, the plaintiffs filed the Consolidated Cases.

### III.   STANDARD OF REVIEW

Under Rule 12(b)(6), "the Court must construe the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences." *Lessard v. Tyco Elecs. Corp.*, 2009 WL 3319784, at *3 (D.

---

[1] Attached, as Exhibit 1, is a matrix summarizing the pertinent allegations in each complaint.

[2] A complete copy of the P&A Agreement is published on the FDIC's website, at: *http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf*. This Court may take judicial notice of the P&A Agreement. *Drobny v. JP Morgan Chase Bank, NA*, No. 12–CV–5392, 2013 WL 888628, at *5 n.2 (N.D. Ill. March 8, 2013) (taking judicial notice of the P&A Agreement on motion to dismiss).

[3] Sections 3.5 (entitled "Assets Not Purchased by Assuming Bank"), 3.6 (entitled "Assets Essential to Receiver"), and 4.8 (entitled "Agreement with Respect to Certain Existing Agreements") do not implicate this action.

R.I. 2009) (citations omitted). "While well-pleaded facts are accepted as true, unsupported conclusions or interpretations of law are rejected." *Ward v. Lotuff*, 2009 WL 3615970, at *1 (D.R.I. 2009) (quotations omitted). To survive a motion to dismiss, therefore, a complaint "must allege 'a plausible entitlement to relief.'" *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) ("Plausible, of course, means something more than merely possible . . . .") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009)). The plaintiff must allege facts supporting "each material element necessary to sustain recovery under some actionable legal theory." *Campagna v. Mass. Dep't of Envtl. Prot.*, 334 F.3d 150, 155 (1st Cir. 2003) (internal quotations omitted). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Thomas*, 542 F.3d at 948.

**IV.     ARGUMENT**

    a. **FIRREA Is Dispositive of Plaintiffs' Claims in the Consolidated Cases that a Recorded Assignment of Mortgage Was Required to Transfer the Mortgage from WaMu through the FDIC to JPMC.**

        1. JPMC Obtained The Mortgage By Operation Of Federal And State Law

The basis of plaintiffs' "claims" is premised under their unsupported belief that, in order for the individual mortgages to have been conveyed to JPMC, an assignment of mortgage was required to be recorded. *See Bello, Clay, Perez, Urizar* Compls. ¶8 ("Washington Mutual never assigned the mortgage to Chase"). In addition to citing inapplicable statutes, plaintiffs claim that in order for any property transfer to be effective, the transfer must be recorded. Although this conclusion is also contrary to Rhode Island law, for purposes of this consolidated motion, plaintiffs' contention runs afoul of accepted federal law.

          i. *Federal Law Empowers The FDIC To Transfer The Note And Mortgage*

5

>   *To JPMC By The Purchase And Assumption And Preempts Any State Law Requiring More*

Although plaintiffs claim that no interest in the promissory notes or mortgages flowed to JPMC because the FDIC failed to comply with state law requirements, federal law preempts those requirements here and secures JPMC's mortgagee status and its ability to foreclose and/or otherwise assign the mortgages. "Section 1821 of FIRREA provides the FDIC with broad powers in its roles as conservator and receiver of an insured banking institution." *Telematics Int'l, Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703, 705 (1st Cir. 1992). Specifically, the statute allows the FDIC "as conservator or receiver . . . [to] transfer any asset . . . without any approval, *assignment,* or consent with respect to such transfer." 12 U.S.C. § 1821(d)(2)(G)(i)(II) (emphasis added). To the extent state law conflicts with FIRREA generally, and section 1821 specifically, it is preempted. *Demelo v. U.S. Bank Nat'l Ass'n*, 727 F.3d 117 (1st Cir. 2013); *Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1059 (9th Cir. 1996); *Drobny v. JP Morgan Chase Bank, NA*, 929 F. Supp. 2d 839, 845 (N.D. Ill. 2013); *JPMorgan Chase Bank, N.A. v. 1770 Realty Inc.*, CA. No. 7655/09, slip op. at *17 (N.Y. Sup. Ct. January 29, 2010).[4]

The First Circuit recently removed any doubt as to the application of FIRREA, particularly in this Circuit. The First Circuit has confirmed that FIRREA "obviates the need for the specific written assignment that state law would otherwise require" in circumstances nearly identical to those here. *Demelo*, 727 F.3d at 125.

In *Demelo*, the OTS closed Downey Savings and Loan Association ("Downey Savings") "and appointed the [FDIC] as its receiver." *Id.* at 120. Thereafter, "[t]he FDIC entered into both a purchase and assumption agreement and a loan sale agreement with the defendant, U.S. Bank[,]" through which "U.S. Bank assumed all of Downey Savings' loans and

---

[4] *See also Resolution Trust Corp. v. Diamond*, 45 F.3d 665, 675 (2d Cir. 1995) (holding anti-eviction provisions of New York's rent regulations interfered with the operation of the FDIC and thus were preempted by FIRREA); *RTC Mortg. Trust 1994 N-1 v. Fid. Nat'l Title Ins. Co.*, 16 F. Supp. 2d 557, 567 (D.N.J. 1998) (concluding that state law disallowing assignments of tort claims prior to judgment preempted by FIRREA).

mortgages." *Id.* The borrower/plaintiffs ultimately defaulted on their loan and U.S. Bank conducted a foreclosure sale. *Id.* After the foreclosure, the borrowers sued U.S. Bank claiming, as plaintiffs do in the Consolidated Cases, that "the foreclosure sale was invalid because U.S. Bank did not have a specific written assignment of the mortgage as required by state law." *Id.* at 121.

The First Circuit rejected the borrowers' argument as "all sizzle and no steak." *Id.* at 125. FIRREA, the court observed, "specifically authorizes the FDIC to transfer assets of a failed financial institution "without . . . assignment." *Id.* (quoting 12 U.S.C. § 1821(d)(2)(G)(i)(II)). Accordingly, "the transfer of a mortgage, authorized by federal law, obviates the need for the specific written assignment that state law would otherwise require." *Id.*

The factual allegations of *Demelo* are nearly identical to those in the Consolidated Cases. The FDIC, as receiver for WaMu, conveyed WaMu's assets to JPMC vis-à-vis the P&A Agreement. Plaintiffs claim, however, that a specific written assignment to JPMC is required to transfer the Mortgage. The First Circuit repudiated this argument in *Demelo*. Accordingly, this Court should conclude that, pursuant to FIRREA, the FDIC transferred the WaMu's interests in the promissory notes and mortgages to JPMC through the P&A Agreement and nothing more is required to render JPMC the mortgagee. *See id.*; *see also Drobny*, 929 F. Supp. 2d at 845 (holding that FDIC was empowered to transfer WaMu's assets by the Purchase and Assumption Agreement to JPMC "without an assignment"); *1770 Realty Inc.*, CA. No. 7655/09, slip op. at *17 (holding same). Accordingly, any interest that transferred to JPMC was an interest in which JPMC could either enforce itself or further assign.

Each plaintiff's essential argument in the Consolidated Cases is that the transfer of mortgage loan interests from WaMu to JPMC through the FDIC failed because of the lack of an assignment of mortgage and, therefore, neither JPMC nor a future JPMC assignee could

7

enforce the mortgages. *Demelo* unambiguously guts plaintiffs' cardinal arguments. Accordingly, because the complete success of the Consolidated Cases turns on this faulty premise, the Consolidated Cases must be dismissed with prejudice.[5]

      **b. To The Extent the Consolidated Cases Seek Recovery For Events Prior To JPMC's Acquisition of WaMu's Assets, This Court Lacks Jurisdiction**

As to allegations in the Consolidated Cases that WaMu's origination of the mortgage loans or transfer of interests through its receivership conferred alleged redresses to plaintiffs, FIRREA bars these claims. The First Circuit's decision in *Demelo* controls here as well.

In *Demelo*, the borrowers sought to recover from U.S. Bank for violations of consumer protection law by Downey Savings. 727 F.3d at 120. The First Circuit rejected those claims as well because the borrowers had not first brought them to the FDIC. *Id.* at 122.

"FIRREA," the court noted, "sets forth a detailed claims-processing regime . . . [,] which is not optional[.]" *Id.* at 121-22. Claimants must file their claims with the FDIC first before seeking judicial relief. *Id.* at 122 (citing 12 U.S.C. § 1821*d(6)(A)). This proscription is "clear as a bell":

> No court shall have jurisdiction over –
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of [the failed] institution or the [FDIC] as receiver.

---

[5] To the extent Plaintiff claims that only WaMu, as the "Lender," was authorized to foreclose, and that its assigns could never foreclose, this argument is untenable on its face. Interests in land, including mortgages, are freely transferrable. R.I. Gen. Laws § 34-11-1. Moreover, the Consolidated Cases themselves dictate against such a restrictive reading of the mortgages because the complaints make several references to the fact that no assignment was executed. Thus, plaintiffs implicitly concede that the mortgages are assignable and merely assert that it was not transferred in accordance with Rhode Island law.

8

*Id.* (citing 12 U.S.C. § 1821(d)(13)(D)). FIRREA, therefore, "operates to strip the federal district courts of subject matter jurisdiction whenever a plaintiff tries to pursue a covered claim without going through the claims-processing regime." *Id.*

In *Demelo*, the borrowers had not brought their claims to the FDIC. Such a failure "divested the district court of subject-matter jurisdiction" and, therefore, the district court properly dismissed their claims. *Id.* at 124.

To the extent plaintiffs raise any other alleged "claim" regarding a mortgage loan prior to JPMC's acquisition of it, they were required to seek recompense through FIRREA's administrative claims process. Because there is no allegation that plaintiffs actually sought to utilize the claims process, this Court lacks subject matter jurisdiction over those claims and must dismiss them. *Id.*

V. **CONCLUSION**

For the reasons stated herein, the Consolidated Cases must be dismissed with prejudice.

Respectfully submitted,

/s/Todd S. Holbrook
Todd S. Holbrook (Bar No. 06578)
MORGAN, LEWIS & BOCKIUS LLP
225 Franklin St., 16th Floor
Boston, MA 02110
Phone: 617-314-7700
Fax: 617-341-7701
Email: *tholbrook@morganlewis.com*

*Attorney for JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


DATED:  March 12, 2014              /s/Todd S. Holbrook
                                    Todd S. Holbrook


DB1/ 78139736.1